FILED

IN THE DISTRICT COURT OF THE UNITED STATES    NOV 1 6 2007
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 2:07cr282-MEF |
| v. | ) | 21 USC § 841(a)(1) |
| | ) | |
| RONNIE DALE NOBLE | ) | INDICTMENT |
| | ) | |

The Grand Jury charges:

COUNT 1

That on or about the 30th day of January, 2007, in Autauga County, within the Middle District

of Alabama, the defendant,

RONNIE DALE NOBLE,

did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance,

in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 2

That on or about the 31st day of January, 2007, in Elmore County, within the Middle District

of Alabama, the defendant,

RONNIE DALE NOBLE,

did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance,

in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 3

That on or about the 9th day of February, 2007, in Elmore County, within the Middle

District of Alabama, the defendant,

RONNIE DALE NOBLE,

did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance,

in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION

A.    Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for any violation as alleged in Counts 1 through 3 of this indictment, the defendant,

RONNIE DALE NOBLE,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of any violation alleged in Counts 1 through 3 of this indictment.

C.    If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third person;

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot be subdivided without

2

difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek

an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable

property.

All in violation of Title 21, United States Code, Section 841.

A TRUE BILL

FOREPERSON

LEURA G. CANARY
United States Attorney

JOHN T. HARMON
Assistant United States Attorney

A. CLARK MORRIS
Assistant United States Attorney