**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                     TELEPHONE (334) 954-3600

August 4, 2008

# NOTICE OF CORRECTION

**From:**             **Clerk's Office**

**Case Style:**       **USA vs. SOLANO, ET AL.**

**Case Number:**      **2:07cr282-WKW**

**Referenced Pleading: 304**
                     **Order to Continue**

This Notice of Correction has been filed to notice parties that this order has been filed but was sealed in error.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr282 |
| | ) | |
| LUIS SOLANO, *et al.* | ) | |

### **ORDER**

This case is before the court on defendant Patrick Wayne Dismukes's Motion to Continue Case (Doc. # 295). For the reasons set forth below, the court finds that the trial of all defendants should be continued pursuant to 18 U.S.C. § 3161(h).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70 day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(8)(A). Additionally, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id*. § 3161(h)(7).

The court finds that the ends of justice served by continuing this trial outweigh the best interest of the public and defendant Dismukes in a speedy trial. In support of his motion for continuance, Dismukes's attorney explains that a continuance is needed to prepare for trial. The motion is unopposed by the government.

Accordingly, it is ORDERED that the Motion to Continue Case (Doc. # 295) is GRANTED, and the trial of this case as to all defendants is continued from the August 18, 2008 trial term to the **December 1, 2008** trial term.

DONE this 4th day of August, 2008.

                                          /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE